OPINION
{¶ 1} Defendant-appellant The Travelers Indemnity Company of Illinois appeals from the February 6, 2003, Judgment Entry of the Stark County Court of Common Pleas holding that plaintiff-appellee Bradley Barr is an insured for UM/UIM purposes under a commercial automobile liability policy and a commercial umbrella policy issued by defendant-appellant to Alfred Nickles Bakery, Inc.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 25, 2001, appellee Bradley Barr was injured when the vehicle that he was driving was hit by a vehicle operated by Sirilo Ajanel Hernandez, who was uninsured. The motor vehicle that appellee was operating was titled to his wife, Cynthia Barr.
 {¶ 3} At the time of the accident, appellee and his wife were insureds under a personal automobile liability policy issued by Cincinnati Casualty Company. In August of 2001, Cincinnati Casualty Company paid its UM/UIM policy limits of $100,000.00.
 {¶ 4} In addition, at the time of the accident, appellee was an employee of Alfred Nickles Bakery, Inc., (hereinafter "Nickles"). At such time, Nickles Bakery was a named insured under a commercial automobile liability policy issued by appellant, The Travelers Indemnity Company of Illinois, with a liability limit of $1 million. Nickles Bakery also was a named insured under a commercial umbrella policy providing $25 million in liability coverage and a commercial general liability policy, both issued by appellant. The policy period for both the commercial automobile liability policy and the commercial umbrella policy was from June 30, 2000, to June 30, 2001.
 {¶ 5} Subsequently, on April 23, 2001, appellee and his wife, Cynthia, filed a complaint against Sirilo Ajanel Hernandez, the tortfeasor, in the Stark County Court of Common Pleas. Pursuant to a Judgment Entry filed on August 15, 2001, appellee and his wife were granted a default judgment against Hernandez. Thereafter, on August 17, 2001, appellee and his wife filed a first amended complaint adding appellant, The Travelers Indemnity Company, as a defendant.
 {¶ 6} Both appellee and appellant filed Motions for Summary Judgment.[1] As memorialized in a Judgment Entry filed on June 13, 2002, the trial court granted appellant's motion, in part, finding that appellee was not entitled to UM/UIM coverage under the commercial general liability policy issued by appellant to Nickles Bakery. The trial court, in its entry, further granted appellee's Motion for Summary Judgment, holding that appellee was an insured for UM/UIM purposes and was entitled to UM/UIM coverage under the commercial automobile liability policy and commercial umbrella policy issued by appellant to Nickles Bakery.
 {¶ 7} After appellant, on January 30, 2003, filed a Motion for Reconsideration, the trial court, on February 6, 2003, issued a Nunc Pro Tunc Judgment Entry adding the following language: "This is a final, appealable order. There is no just cause for delay."
 {¶ 8} It is from the trial court's February 6, 2003, Judgment Entry that appellant now appeals, raising the following assignments of error:
 {¶ 9} "The trial court erred by granting appellee's motion for summary judgment, denying appellant's motion for summary judgment, and finding um coverages under the 2000-2001 Business Auto Policy issued by the Travelers Idemnity Company of Illinois to appellee's former employer, Alfred Nickles Bakery, Inc.
 {¶ 10} "II. The trial court erred by granting appellee's motion for summary judgment, denying appellant's motion for summary judgment, and finding um coverages under the 2000-2001 Umbrella Policy issued by the Travelers Indemnity Company of Illinois to appellee's former employer, Alfred Nickles Bakery, Inc."
 STANDARD OF REVIEW {¶ 11} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. Civ. Rule 56(C) states in pertinent part: "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor ."
 {¶ 12} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support is claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259,674 N.E.2d 1164, citing Dresher v. Burt (1996), 75 Ohio St.3d 280,662 N.E.2d 264.
 {¶ 13} It is based upon this standard we review appellant's assignments of error.
 I, II {¶ 14} Appellant, in its two assignments of error, challenges the trial court's decision granting appellee's Motion for Summary Judgment while denying that filed by appellant. Appellant specifically contends that the trial court erred in finding UM coverage under the commercial automobile liability and commercial umbrella policies issued by appellant to Nickles Bakery, appellee's former employer.[2] We agree.
 {¶ 15} In the case sub judice, appellee Bradley Barr was injured while operating his wife's car on personal business. The Ohio Supreme Court, in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, 797 N.E.2d 1256, held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id at paragraph two of the syllabus. Appellee Bradley Barr's injury did not occur within the course and scope of his employment with Nickles Bakery. Moreover, appellee is not a named insured under either policy. Therefore, assuming, arguendo, that the commercial automobile liability and commercial umbrella policies issued by appellant to Nickles Bakery provided UM/UIM coverage to Nickles Bakery by operation of law or otherwise, appellee would not be insured thereunder. We find, therefore, that the trial court erred in granting appellee's Motion for Summary Judgment while denying that filed by appellant.
 {¶ 16} Appellant's two assignments of error are, therefore, sustained.
 {¶ 17} Accordingly, the judgment of the Stark County Court of Common Pleas is reversed and judgment shall be entered in favor of appellant the Travelers Indemnity Company of Illinois on its Motion for Summary Judgment regarding its commercial automobile liability policy and commercial umbrella policy issued to Nickles Bakery.
Edwards, J., Gwin, P.J. and Boggins, J. concur.
[1] Cynthia Barr, appellee's wife, filed a Notice of Voluntary Dismissal of her claims against appellant on February 14, 2002.
[2] The portion of the trial court's entry finding no UM/UIM coverage under the commercial general liability policy issued by appellant to Nickles Bakery is not at issue in this appeal.